U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
NOV 2 6 2007
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TERRY PRUDHOMME | CIVIL ACTION NO. 07-1667 |
| VS. | SECTION P |
| BURL CAIN, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Terry Prudhomme on October 4, 2007. Prudhomme is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, where he is serving the life sentence imposed following his 1981 conviction for second degree murder in the Tenth Judicial District Court, Natchitoches Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** as time-barred by the limitations provisions codified at 28 U.S.C. §2244(d).

Statement of the Case

On February 3, 1981, petitioner was found guilty as charged

of second degree murder following trial by jury in the Tenth Judicial District Court. [doc. 1-3, pp. 3-5] On March 2, 1981 he was sentenced to life imprisonment. Trial counsel's motion for an appeal was granted. [doc. 1-3, pp. 5-6] The conviction and sentence were affirmed in an unpublished opinion of the Louisiana Supreme Court on February 3, 1982. See <u>State of Louisiana v. Prudhomme (Terry Charles)</u>, 412 So.2d 107 (La. 1982)(Table). Petitioner did not seek further direct review in the United States Supreme Court. [doc. 3, ¶6(d)]

On September 27, 1991 petitioner filed an application for post-conviction relief in the Tenth Judicial District Court. The District Court denied relief and dismissed the application on October 14, 1991. Petitioner sought review in the Louisiana Supreme Court and on September 24, 1993, that court, citing <u>Lofton v. Whitley</u>, 905 F.2d 885 (5th Cir. 1993), granted writs and directed the District Court to grant petitioner an out-of-time appeal.[1] [doc. 1-1, p. 11; <u>State of Louisiana ex rel. Terry</u>

---

[1] <u>Lofton</u> involved a Louisiana criminal defendant whose court-appointed appellate counsel failed to assert error on appeal and merely requested patent error review. Further, appellate counsel did not comply with the rule enunciated in <u>Anders v. California</u>, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)(Court appointed appellate counsel, are obliged to conduct "a conscientious examination of the case." [ <u>Anders</u> ], at 744 [87 S.Ct. at 1400] ... If he ... is then of the opinion that the case is wholly frivolous, counsel may request leave to withdraw." The request "must ... be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Ibid*.) The Fifth Circuit granted *habeas* relief finding that appellate counsel was ineffective.

It would thus appear that petitioner's original appeal requested patent error review without more and was in that way similar to the problematic appeal in <u>Lofton</u>.

Prudhomme v. John P. Whitley, 624 So.2d 1206 (La. 9/24/1993); doc. 1-4, p. 51].

On some unspecified date, petitioner applied to the Louisiana Supreme Court for supervisory writs. On December 19, 1996, the Supreme Court granted writs and ordered the district court to comply with the 1993 order granting an out-of-time appeal. State of Louisiana ex rel. Terry Prudhomme v. State of Louisiana, 96-2812 (La. 12/19/1996), 684 So.2d 945; see also doc. 1-4, p. 52] On January 15, 1997, the District Court issued an order granting the out-of-time appeal and appointing counsel. [doc. 1-1, p. 11]

On December 17, 1999, the Supreme Court, noting that the out-of-time appeal had been granted in 1997, concluded that the Third Circuit Court of Appeals had jurisdiction over the appeal based upon subsequent amendments to Louisiana's Constitution.[2] State of Louisiana ex rel. Terry Prudhomme v. State of Louisiana, 99-3348 (La. 12/17/1999), 750 So.2d 994; see also doc. 1-4, p. 53. The appeal was transferred to the Third Circuit.

On May 19, 2000, the Third Circuit granted prior counsel's

---

[2] When petitioner was convicted, the Louisiana Constitution vested appellate jurisdiction over all felony convictions in the Louisiana Supreme Court. Acts 1980, No. 843, §3 authorized an election on a proposed amendment to the constitution. The provision was approved in the general election thus called and the constitution was amended to provide that the Courts of Appeal would thereafter exercise jurisdiction over non-capital felony appeals. La. Constitution, Art. 5, §5(E), cited by the Court, provided "the supreme court shall have exclusive appellate jurisdiction to decide criminal appeals where the defendant has been convicted of a felony ... but only when an order of appeal has been entered prior to July 1, 1982."

motion to withdraw and ordered the District Court to appoint new counsel. [doc. 1-1, pp. 11-12] On May 23, 2000 the District Court appointed counsel. On June 19, 2000, counsel filed a brief without assigning error and requested permission to withdraw. [doc. 1-1, p. 12] On December 6, 2000 the Third Circuit held that counsel's <u>Anders</u> Brief was insufficient. <u>State of Louisiana v. Terry Charles Prudhomme</u>, 1999-2029 (La. App. 3 Cir. 12/6/2000), 808 So.2d 394. On October 15, 2001, counsel was relieved and the Louisiana Appellate Project was appointed to represent petitioner on his out-of-time appeal. [doc. 1-1, p. 12]

In December 2001, counsel submitted an appellate brief arguing seven assignments of error. On January 8, 2002 petitioner filed a supplemental *pro se* appeal brief which raised four additional claims. On June 5, 2002, the Third Circuit affirmed petitioner's conviction. <u>State of Louisiana v. Terry Charles Prudhomme</u>, 1999-2029 (La. App. 3 Cir. 6/5/2002), 819 So.2d 443. [see also Slip Opinion, doc. 1-3, pp. 12-25]

Petitioner applied for writs to the Louisiana Supreme Court on July 1, 2002. In the writ application, he did not provide argument as to any of the claims for relief argued on appeal. Instead, he argued,

> In Louisiana, the Indigent Defender Board attorneys regularly abandoned appeals when affirmed by the Circuit Courts of Appeal. Without these claims ... being offered by applications for writs to the Supreme Court said claims are not exhausted under the requirements of 28 U.S.C. §2254...

> Petitioner requests that this Honorable Court either grant his application and review the entire record in this case or that the Court deny his claims on their merits and consider all claims exhausted in the State forum so that he can seek some justice in the Federal forum... [doc. 1-4, pp. 54-57]

On June 27, 2003, the Louisiana Supreme Court denied writs without comment. State of Louisiana v. Terry C. Prudhomme, 2002-2073 (La. 6/27/2003), 847 So.2d 1251. [See also doc. 1-4, p. 58]

On March 23, 2004 petitioner submitted a second Application for Post-Conviction relief raising four claims for relief. [doc. 1-1, p. 12] On May 5, 2004 the District Court denied relief finding that the first two claims (ineffective assistance of counsel) were successive; that the third claim (prosecutorial misconduct) was time-barred; and the fourth claim (cumulative error) was without merit. [doc. 1-4, pp. 69-70] On May 27, 2004 petitioner sought review in the Third Circuit Court of Appeal. On October 4, 2004, the Third Circuit granted writs in part and denied writs in part having found that the district court's ruling on the timeliness of petitioner's application was erroneous. State of Louisiana v. Terry Charles Prudhomme, KH 04-00714 (La. App. 3 Cir. 10/4/2004). [doc. 1-4, pp. 73-74]

On August 22, 2005, following remand, the trial court addressed and rejected the remaining post-conviction claims. [doc. 1-4, pp. 71-72]

Petitioner again sought review in the Third Circuit Court of Appeals. On January 17, 2006, his writ application was denied by

the Third Circuit. State of Louisiana v. Terry Charles Prudhomme, KH 05-01270 (La. App. 3 Cir. 1/17/2006). [doc. 1-4, p. 60]

On January 31, 2006 petitioner sought further review in the Louisiana Supreme Court. [doc. 1-4, pp. 29-47] On November 22, 2006 the Supreme Court denied writs without comment. State of Louisiana ex rel. Terry Charles Prudhomme v. State of Louisiana, 2006-1135 (La. 11/22/2006), 942 So.2d 548. [See also doc. 1-4, p. 61; doc. 1-4, p. 48]. Petitioner received the judgment of the Supreme Court on November 30, 2007 and submitted it to inmate counsel on February 20, 2007. [doc. 1-4, p. 49]

Petitioner signed his petition on October 1, 2007. [doc. 1, p. 1] His pleadings were submitted to prison authorities for mailing on October 2, 2007. [doc. 1, p. 58] His pleadings were received and filed on October 4, 2007.

## Law and Analysis

### 1. 28 U.S.C. §2244(d)(1)(A) and the "Grace Period"

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of

applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[3] The statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at §2241(d), took effect on April 24, 1996. However, the limitation periods provided by the statute cannot be applied retroactively to bar claims by petitioners whose convictions were final prior to the effective date of AEDPA. United States v. Flores, 135 F.3d 1000, 1006 (5th Cir. 1998). Such petitioners are afforded a one-

---

[3] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from the events described in subsections (B), (C), or (D) of §2244(d)(1). He has pointed to no state created impediments which prevented him from filing the instant petition; nor does he rely upon a newly discovered factual predicate to his claims; nor does he suggest reliance on a newly recognized constitutional right.

year grace period, or until April 24, 1997, to file an application for writ of *habeas corpus* in federal court. <u>Coleman v. Johnson</u>, 184 F.3d 398, 401 (5th Cir. 1999); <u>Flanagan v. Johnson</u>, 154 F.3d 196 (5th Cir. 1998); <u>Villegas v. Johnson</u>, 184 F.3d at 469 (5th Cir. 1999); <u>Flores</u>, *supra*.

If the petition is not filed within the one-year grace period, the courts are to apply the statutory tolling provision set forth in 28 U.S.C. §2244(d)(2) which provides that the time during which a properly filed application for post-conviction relief was pending is state court is not counted toward the limitation period.  <u>Ott v. Johnson</u>, 192 F.3d 510, 512 (5th Cir. 1999); <u>Coleman</u>, *supra*; <u>Fields v. Johnson</u>, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2).

Petitioner's judgment of conviction and sentence became final, at the latest, sometime in 1982 when the Louisiana Supreme Court affirmed his conviction and sentence.[4] See <u>State of</u>

---

[4] Petitioner's judgment became final when the Louisiana Supreme Court affirmed his conviction in the unpublished opinion of February 3, 1982. It was not be "de-finalized" by the reinstatement of his appeal rights pursuant to the out-of-time appeal process that commenced with the filing of his first Application for Post-Conviction Relief on September 27, 1991.  See <u>Salinas v. Dretke</u>, 354 F.3d 425 (5th Cir. 2004), *certiorari denied*, 541 U.S.1032, 124 S.Ct. 2099, 158 L.Ed.2d 714 (2004). ("On its face, AEDPA provides for only a linear limitations period, one that starts and ends on specific dates, with only the possibility that tolling will expand the period in between. See §2244(d)(1),(2). So long as the petitioner is being held pursuant to the same state court judgment, nothing in AEDPA allows for a properly initiated limitations period to be terminated altogether by collateral state court action. Rather, the statutory framework only provides for the tolling of limitations during the pendency of state collateral review. See §2244(d)(2)." *Id.*, at 429-430.)

<u>Louisiana v. Prudhomme (Terry Charles)</u>, 412 So.2d 107 (La. 1982)(Table). Therefore, since petitioner's conviction became final prior to the 1996 effective date of the AEDPA, he must be afforded the benefits of the "grace period." Petitioner therefore had until April 24, 1997 to file his petition for writ of *habeas corpus*.

As shown above, petitioner filed his first Application for Post-Conviction Relief on September 27, 1991. This post-conviction proceeding ultimately resulted in petitioner being afforded an out-of-time appeal and remained pending in either the Louisiana Supreme Court, the Third Circuit Court of Appeals, or the Tenth Judicial District Court until June 27, 2003 when the Louisiana Supreme Court denied writs thus concluding petitioner's out-of-time appeal process. See <u>State of Louisiana v. Terry C. Prudhomme</u>, 2002-2073 (La. 6/27/2003), 847 So.2d 1251. Petitioner was thus able to successfully toll the "grace period" of limitations until June 27, 2003. However, once the Supreme Court denied his writ application, statutory tolling ceased and the AEDPA limitations period commenced on June 28, 2003. Petitioner was able to toll the limitations period again on March 23, 2004 when he filed his second Application for Post-Conviction Relief [doc. 1-1, p. 12], however, by the time this pleading was filed, 268 days of the limitations period had lapsed.

This second Application for Post-Conviction Relief remained

pending until November 22, 2006 when the Louisiana Supreme Court denied writs. See <u>State of Louisiana ex rel. Terry Charles Prudhomme v. State of Louisiana</u>, 2006-1135 (La. 11/22/2006), 942 So.2d 548. However, statutory tolling pursuant to §2244(d)(2) ceased and the limitations period began to run anew on November 23, 2006. Thereafter, a period of 311 days elapsed before petitioner filed his federal *habeas corpus* petition on October 1, 2007.[5]

Thus, a period of approximately 579 un-tolled days elapsed between the date petitioner's judgment of conviction became final and the date he filed the instant petition. As such, his pleading is clearly time-barred.

## 2. *The Out-of-time Appeal Process*

Petitioner might suggest that his judgment of conviction and sentence did not become final for AEDPA purposes until the out-of-time appeal process concluded. Under that theory, petitioner's judgment of conviction would not have become final until September 27, 2003, ninety-days after the June 27, 2003 writ denial by the Louisiana Supreme Court. (In <u>Flanagan v. Johnson</u>,

---

[5] In <u>Houston v. Lack</u>, 487 U.S. 266 (1988), the Supreme Court articulated the "mailbox rule" with regard to the filing of *pro se* prisoner pleadings. The Court determined that a prisoner's pleading should be considered filed on the date that the prisoner tendered the pleading to prison authorities for mailing to the court. The earliest that a prisoner petition could be said to have been filed is the date the prisoner signed his pleading. See <u>Causey v. Cain</u>, 450 F.3d 601, 605-06 (5th Cir.2006). For the purposes of this proceeding, petitioner should be afforded the benefits of the rule. Since he signed his pleading on October 1, 2007, that will be the date that the pleading was filed.

154 F.3d 196, 197 (5th Cir.1998), the Fifth Circuit held that a state prisoner's conviction becomes final for purposes of §2244 ninety days after the state's Supreme Court judgment is entered, when the time to file a petition for writ of *certiorari* with the United States Supreme Court has expired.) Under that theory, a period of only 178 days would have elapsed from the date petitioner's judgment of conviction became final for AEDPA purposes until he filed his second Application for Post-Conviction Relief on March 23, 2004. As noted above, this second Application for Post-Conviction Relief remained pending until November 22, 2006 when the Louisiana Supreme Court denied writs. See <u>State of Louisiana ex rel. Terry Charles Prudhomme v. State of Louisiana</u>, 2006-1135 (La. 11/22/2006), 942 So.2d 548. Accordingly, statutory tolling pursuant to §2244(d)(2) ceased and the limitations period began to run anew on November 23, 2006, and, thereafter, a period of 311 days elapsed before petitioner filed his federal *habeas corpus* petition on October 1, 2007. Under this second, more generous scenario, a period of approximately 489 days elapsed un-tolled between the date petitioner's judgment of conviction became final and the date he filed his federal *habeas corpus* petition.

3. *Equitable Tolling*

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be

equitably tolled. See <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir.1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). Nothing of record supports equitable tolling of the statute of limitations in the instant case. The petitioner was not actively misled by the state of Louisiana; nor was he prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims. To the extent that petitioner might contend that his counsel's error resulted in the untimeliness of his *habeas* petition, that claim is of no moment. "[M]ere attorney error or neglect is not an extraordinary circumstance" which warrants equitable tolling. <u>Cousin v. Lensing</u>, 310 F.3d 843, 849 (5th Cir.2002).

The petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1)(A). Equitable tolling does not apply.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten

(10) business days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See,* Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Alexandria, Louisiana, _November 26_, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE